UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID COHEN, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br>TRANSWORLD SYSTEMS, INC. and JOHN DOES 1-25<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff DAVID COHEN (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant TRANSWORLD SYSTEMS, INC. (hereinafter collectively "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at 507 Prudential Road, Horsham, Pennsylvania 19044 and a mailing address of PO Box 17221, Wilmington, Delaware 19850.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New Jersey consumers who were sent one or more letters from Defendant

      attempting to collect a consumer debt that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq*..

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received a form letter in an envelope from the Defendant that violate specific provisions of the FDCPA.

    - Plaintiff is complaining of the Defendant's systematic use of a form collection letter and envelope that violates the FDCPA by displaying language or symbol (the consumers account number) on an envelope when communicating with a consumer by use of mail in violation of 15 U.S.C. § 1692f(8). (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class Member. All Class Members' claims arise from the same practices by Defendant which gave rise to Plaintiff's claims. All were sent a letter where the account number was visible through the glassine window of the envelope.

    - These common questions of law and fact include, without limitation:
        a.     Whether Defendant's letter violates the FDCPA by using unfair

and unconscionable collection practices in connection with the collection of a debt in violation of 15 U.S.C. § 1692f.

b. Whether Defendant used any language or symbol on envelopes sent to consumers that reveal information other than the debt collector's address or name, in violation of 15 U.S.C. § 1692f(8).

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of those of the members of the Class. Plaintiff claims are based off Defendants conduct in mailing a form collection letter in a form envelope. All claims are based on the same factual and legal theories.

- FDCPA statutory damage class cases focus entirely on the misconduct of the debt collector and not the reaction of any particular consumer.

- There are no unique facts or circumstances that would render Plaintiff atypical. The focus is on the letter and Defendant's conduct.

- There are no individual issues other than identifying Class Members, which may be accomplished readily through review of the Defendant's records.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class Members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 9, 2015, an obligation was allegedly incurred to the Coastal

Pest Control. ("CPC")

16. The CPC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged CPC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. CPC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Defendant contends that the CPC debt is past due.

20. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

21. On or about January 9, 2015, the Defendant caused to be delivered to the Plaintiff a letter in an attempt to collect the alleged CPC debt. *See* **Exhibit A.**

22. The January 9, 2015 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The January 9, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The January 9, 2015 letter stated in part: Current Balance Due: $275.00.

25. Upon receipt of the letter, the consumer reached out to the original creditor to discuss the alleged debt.

26. The Plaintiff was informed by the original creditor that the balance as of that date was $229.00 (20% less than the amount the Defendant was attempting to collect).

27. Upon information and belief, the Defendant was seeking an amount not authorized by law or by contract.

28. Defendant could have taken the steps necessary to bring its actions within compliance

with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

29. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2).

32. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. The Defendants violated said section by falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692f *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated 15 U.S.C. § 1692f(1) of the FDCPA.

37. Pursuant to 15 USC §1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

      (e)    Awarding pre-judgment interest and post-judgment interest; and

      (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 03, 2015

      */s/ Ari H. Marcus*
      Ari Marcus, Esq.
      MARCUS & ZELMAN, LLC
      1500 Allaire Avenue, Suite 101
      Ocean, New Jersey 07712
      (732) 695-3282 telephone
      (732) 298-6256 facsimile
      ari@marcuszelman.com

      *s/ Yitzchak Zelman ,Esq.*
      Yitzchak Zelman, Esq.
      MARCUS & ZELMAN, LLC
      1500 Allaire Avenue, Suite 101
      Ocean, New Jersey 07712
      Telephone: (732) 695-3282
      Facsimile: (732) 298-6256
      YZelman@MarcusZelman.com
      *Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

December 03, 2015      */s/ Ari H. Marcus*
                                  Ari Marcus, Esq.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my

own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 03, 2015

*/s/ Ari H. Marcus*
Ari Marcus, Esq.